USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1948 DAVID W. HANN, Plaintiff, Appellant, v. MICRON SEPARATIONS, INC., Defendant, Appellee. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ __________________________ Before Selya, Circuit Judge,  _____________ Cyr, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ William T. Murphy on brief for appellant. _________________ Edward J. Goddard and Day, Berry & Howard on brief for ___________________ _____________________ appellee. _________________________ February 12, 1997 _________________________ Per Curiam. In the suit that underlies this appeal, Per Curiam. __________ plaintiff-appellant David W. Hann alleges that his quondam employer, Micron Separations, Inc. (Micron), a manufacturer of industrial filtration systems, disregarded a severance pay obligation when it terminated him as its marketing director. Micron moved for summary judgment on the ground that Hann's written employment contract provided for such remuneration only in the event of another company's acquisition of Micron (a circumstance that had not occurred). A magistrate judge heard arguments and wrote a carefully reasoned report recommending that the district court grant brevis disposition in Micron's favor. ______ The magistrate concluded, after examining the relevant evidence, that the proof, taken in the aspect most flattering to Hann's case, proves neither a modification of the terms of his written employment contract nor a breach of those terms. On de novo review, the district court accepted the recommendation and entered summary judgment for the defendant. Hann appeals. Having determined that oral argument would not advance the decisional process, we summarily affirm. On whole-record review, we believe that this is a suitable case in which to act upon our long-held belief that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 ______ __________________________________ (1st Cir. 1996); accord In re San Juan Dupont Plaza Hotel Fire ______ ________________________________________ 2 Litig., 989 F.2d 36, 38 (1st Cir. 1993). Hence, we affirm the ______ judgment for substantially the reasons set forth in the opinion below. We add only a small coda. In his brief, Hann rehashes the evidence and invites us to take a more expansive view of the facts than did the district court. We decline the invitation. When summary judgment is at stake, we, like the trial court, must scrutinize the record in the light most favorable to the nonmoving party, "indulging all reasonable inferences in that party's favor," Griggs-Ryan v. __________ ___________ Smith, 904 F.2d 112, 115 (1st Cir. 1990) (emphasis supplied), but _____ disregarding unsupported allegations, unreasonable inferences, and conclusory speculation. See Smith v. F.W. Morse & Co., 76 ___ ______ _________________ F.3d 413, 428 (1st Cir. 1996); Medina-Munoz v. R.J. Reynolds ____________ _____________ Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). If no genuine issue ___________ of material fact percolates through the record, then summary judgment is proper. So viewed, the essential purpose of summary judgment is "to pierce the boilerplate of the pleadings" and appraise the proof to determine whether a trial is needed. Wynne _____ v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992), ________________________ cert. denied, 507 U.S. 1030 (1993). Here, a trial would serve no _____ ______ useful purpose. We will not tarry. Despite the generosity of the Rule 56 standard vis- -vis the party opposing summary judgment, that party is not entitled to the benefit of every inference that he can conjure up; he is only entitled to the benefit of every reasonable inference. See National Amusements, Inc. v. Town of __________ ___ _________________________ _______ 3 Dedham, 43 F.3d 731, 735 (1st Cir.), cert. denied, 115 S. Ct. ______ _____ ______ 2247 (1995). In this instance, we cannot draw the inference that the appellant hawks. To the contrary, the statement of Micron's president, Dr. John Greenwood, which the appellant cites as the basis for his claim of an oral modification, simply will not bear the weight that the appellant piles upon it. The appellant's promissory estoppel claim fares no better than his breach of contract claim. Under Massachusetts law, a promisee's reliance on a promise may give rise to an enforceable contract, but only if such reliance is reasonable. See Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. ___ ____________________________________ ________ 841, 849-50, 647 N.E.2d 1174, 1178-79 (1995); Cambridgeport _____________ Savings Bank v. Boersner, 413 Mass. 432, 442-43, 597 N.E.2d 1017, ____________ ________ 1023-24 (1992); Loranger Constr. Corp. v. E.F. Hauserman Co., 376 ______________________ __________________ Mass. 757, 760-61, 384 N.E.2d 176, 179 (1978); Hall v. Horizon ____ _______ House Microwave, Inc., 24 Mass. App. Ct. 84, 93-94, 506 N.E.2d ______________________ 178, 184 (1987); see also Coll v. PB Diagnostic Sys., Inc., 50 ___ ____ ____ _________________________ F.3d 1115, 1124-25 (1st Cir. 1995) (refusing under Massachusetts law to honor a promissory estoppel claim for an orally modified employment contract when reliance was unreasonable). Even assuming for argument's sake that Dr. Greenwood had apparent authority to bind Micron to a change in Hann's severance arrangement an assumption that the record tends to belie no factfinder rationally could conclude that the appellant's professed reliance on Dr. Greenwood's remark was reasonable. Even on the appellant's version, Dr. Greenwood's statement 4 amounted to no more than a passing comment. Only wishful thinking could have led Hann to believe that his contract had been improved by this passing comment and wishful thinking is not enough to support a cognizable claim of detrimental reliance. Thus, the magistrate judge and district court acted within their proper office in rejecting the unreasonable inference on which the appellant's case rests. See Smith, 76 F.3d at 428. ___ _____ We need go no further. Finding, as we do, that the district court appropriately granted Micron's motion for judgment, we summarily affirm. See 1st Cir. R. 27.1. ___ Affirmed. Affirmed. ________ 5